UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00016-H

JANICE M. SEIBERT                                                                           PLAINTIFF

V.

TARGET CORPORATION                                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Janice M. Seibert brought this claim in state court against Defendant Target Corporation ("Target") after Seibert was injured outside a Target store. Seibert asserted that Target was negligent in creating and maintaining a dangerous condition on its property that caused Seibert's injury. Defendant removed the case to federal court, and now moves for summary judgment on the negligence claim. For the reasons stated herein, the Court denies Defendant's motion.

I.

On May, 31, 2011, Seibert exited the Target store carrying one bag of groceries, and headed towards her car. When she stepped down from the curb to the paved parking lot, Seibert's ankle twisted. She shifted to the left, overcorrected to the right, and eventually fell to the ground. After two Target employees came to her aid, an ambulance transported Seibert to the hospital. Seibert fractured her ankle and suffers from persisting pain and swelling in her ankle.

Seibert frequented this Target store one to two times per week and always parked on the same side of the store. She consistently walked the same route from her car to the store and vice versa. On this particular occasion, Seibert saw two manhole covers separated by inches of pavement rested just below the curb on the particular portion of the pavement onto which she was stepping.

Two smaller pipe caps sat on either side of the two manhole covers, so that when looking at this portion of the parking lot from an aerial view, one would see a cap, two manhole covers, and another cap, each separated by inches of pavement. Plaintiff's expert claims that the manhole cover rested as much as one-half of an inch in elevation from the surrounding pavement, and that the pavement separating the manhole cover and the pipe cap sloped downward as much as fifteen degrees.

Plaintiff asserts that this elevation and decline is a dangerous condition. Defendant moves for summary judgment on the grounds that this condition was open and obvious, and therefore, Plaintiff is not entitled to recovery under Kentucky law. Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The burden of proof is on the moving party to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once established, the nonmoving party must show that there is a genuine issue for trial. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

II.

To hold a defendant liable for negligence under Kentucky law, the plaintiff must demonstrate that the defendant owed the plaintiff a duty, that the defendant breached that duty, that this breach caused an injury to the plaintiff, and that the plaintiff suffered damages. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). Plaintiff asserts that Defendant owed her a duty as an invitee or as a business visitor on Defendant's property. *See Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 367 (Ky. 2005). Defendant argues that the open and obvious defense absolves it of potential liability in this case, because the Kentucky Supreme Court determined that the open

and obvious condition defense was a defense to the duty element of the negligence analysis. *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385 (Ky. 2010).

Defendant argues that the manhole cover/pipe cap condition was an open and obvious condition, and that Plaintiff is therefore barred from claiming liability for an injury resulting from an open and obvious condition under recent Kentucky precedent. In 2010, the Supreme Court of Kentucky changed the open and obvious defense to premises liability in *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385 (Ky. 2010). According to the Court, Kentucky no longer subscribed to "the traditional rule absolving, *ipso facto*, owners and occupiers of land from liability for injuries resulting from known or obvious conditions." *Id.* at 389 (quoting *Ward v. K Mart Corp.*, 554 N.E.2d 223, 231 (Ill. 1990)). Instead, the Kentucky Supreme Court adopted the majority approach which states that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" *Id.* (quoting Restatement (Second) of Torts § 343(A)(1) (1965)).

Accordingly, the open and obvious defense requires a two part analysis. First, a court will determine if there was an open and obvious condition. If the Court does not find an open and obvious condition, then the Defendant owed a duty of care to the Plaintiff. However, if there is an open and obvious condition, the court must then determine whether the injury was nonetheless foreseeable. "[S]ometimes, 'the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.'" *Id.* at 391 (quoting Restatement (Second) of Torts § 424A(1) cmt. f). In such a case, the court will impose liability. *Id.* at 393 ("[E]ven where the condition is open and

obvious, a landowner's duty to maintain property in a reasonably safe condition is not obviated; it merely negates the requirement to warn of such a condition." (quoting *Phelan v. State*, 804 N.Y.S.2d 886, 898 (N.Y. Ct. Cl. 2005)).

Under Kentucky law, a danger is obvious when "both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment." *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 529 (Ky. 1969). Defendant argues that the manhole covers, being large and prominent fixtures on the pavement, are open and obvious dangers. That someone would step on the side of one of the manhole covers and subsequently break their ankle is not foreseeable, because the reasonable person is forewarned of the condition by its openness and obviousness. Also, on these facts, a strong argument exists that Plaintiff knew the area well, and was quite aware of the manhole cover, the pavement decline and the pipe cap.

Nevertheless, the elevation and decline of the pavement between the manhole cover and the pipe cap may not be obvious to the casual passerby. It is unclear whether Plaintiff stepped on the side of the manhole cover or to the side of the manhole cover. This generates a genuine issue of material fact as to the openness and obviousness of the condition. Moreover, a reasonable juror could find the condition open and obvious, and nevertheless find the injury foreseeable in the sense that it is reasonable "to impose liability on [Target] for failing to *eliminate* or *reduce* the risk posed by [this] unreasonable danger[]." *McIntosh*, 319 S.W.3d at 393.

Ultimately, this is a tough case. Under the new Kentucky open and obvious danger framework, "only under extremely rare circumstances could a plaintiff avoid some share of the fault under comparative negligence." *Id.* at 392. A jury could well find that Plaintiff should have noticed

4

the condition or that the condition was not hazardous at all. On the other hand, Plaintiff has presented enough facts that a reasonable juror could find otherwise. For these reasons, the Court cannot grant summary judgment.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is DENIED.

cc: Counsel of Record