UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00016-H

JANICE M. SEIBERT                                                                    PLAINTIFF

V.

TARGET STORES INC.                                                                 DEFENDANT

### MEMORANDUM OPINION AND ORDER

In anticipation of trial scheduled for May 15, 2013, Defendant has raised numerous evidentiary issues which the Court has now had the opportunity to review. The Court has considered the motions in some detail and is now prepared to rule on both. However, the Court finds that only one of the motions warrants discussion.

Defendant moves to exclude, or in the alternative limit, the testimony of Plaintiff's sole expert. Federal Rule of Evidence 702, which governs the admissibility of expert testimony, provides in relevant part

> [a] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . .

FED. R. EVID. 702. The Advisory Committee Notes explain that

> [w]hether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier. There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

FED. R. EVID. 702 advisory committee note (internal quotation omitted).

1

Plaintiff's expert is Mr. John B. Schroering, a purported expert on engineering. Defendant argues that Plaintiff's expert testimony should be excluded or limited pursuant to Rule 702, on the basis (1) that Mr. Schroering's opinions merely express legal conclusions as to the hazard presented by the manhole covers and (2) that the jury can review the evidence presented and make its own assessment thereof.

The Court has had the opportunity to review Mr. Schroering's report. In his report, Mr. Schroering provides the following observations and conclusions: (1) a general description, including measurements and photographs, of the pavement surface and metal covers onto which Plaintiff stepped; (2) the differences in elevations between the metal covers and surrounding asphalt pavement presented tripping hazards; and (3) the walkway system was not in compliance with accepted basic safety practices and the applicable Technical Safety Documents. With respect to the third observation, Plaintiff's response indicated that Mr. Schroering will not testify that the manhole covers were in violation of any applicable building codes.

The main point of contention between the parties is whether Mr. Schroering may testify that the condition presented a danger, or tripping hazard, to those using the walkway. The Court finds that such an opinion is an inadmissible legal conclusion. *See Thalji v. TECO Barge Line*, 2007 WL 7702719, * 1 (W.D. Ky. July 13, 2007) ("Although an expert's opinion may embrace an ultimate issue to be decided by the trier of fact, the issue embraced must be a factual one. . . . An expert who supplies nothing but a bottom line supplied nothing of value to the judicial process.") (internal quotations omitted). His opinion invades the province of the jury and decides an ultimate legal issue.

Mr. Schroering may testify as to the photographs and measurements taken, as well as his general description of the area identified. However, he may not do this under the auspices of

3

expert testimony. This testimony does not implicate scientific, technical or specialized knowledge such than Mr. Schroering should be deemed an expert. He more aptly falls in the realm of a fact witness, and the Court will treat him as such.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion in Limine [ECF No. 55] is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's Motion to Preclude Plaintiff's Expert Testimony, or in the alternative, Motion to Limit Plaintiff's Expert Testimony of John Schroering [ECF No. 59] is SUSTAINED. Mr. Schroering may testify as a fact witness.

cc: Counsel of Record